UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                    Case No. 15-14023

Six Thousand Eight Hundred Seventy     Sean F. Cox
Two Dollars and Seventy Three Cents     United States District Court Judge
($6,872.73) In Funds from Account
#XXXXXX2357 In The Name Of
AMNSS Inc./Deshi Bazar at PNC Bank,
*et al.*

    Defendants in rem.
_____/

# MEMORANDUM OPINION

On November 17, 2015, the Government filed the Complaint for Forfeiture in this action, after the Federal Bureau of Investigation seized three defendants in rem, which are two bank accounts and a sum of United States currency. The three in rem Defendants total $50,536.56.

After the action was filed, three brothers claimed an interest in the funds or were identified as claimants: 1) Ali Ahmed; 2) Nazir Ahmed; and 3) Mustak Ahmed. No other individuals have claimed an interest in the funds.

All of those individuals were charged in a criminal case assigned to the Honorable Avern Cohn, Criminal Case Number 16-20086.

On January 8, 2016, a "Stipulated Order Staying Civil Forfeiture Proceeding" was entered by Judge Judith Levy, staying the case while the criminal action proceeded. (ECF No. 12). The case was later reassigned to Judge Rosen. After Judge Rosen retired, the case was

1

reassigned to the undersigned on December 27, 2016.

After this Court scheduled some status conferences, on September 5, 2018, a "Stipulated Order to Administratively Close Civil Forfeiture Proceeding" (ECF No. 21) was issued wherein the parties stipulated as follows:

1. This civil forfeiture case shall be administratively closed during the pendency of the criminal proceeding, or until further order of the Court, without prejudice to any party to seek to reopen this case.

2. The deadlines imposed by the Civil Asset Forfeiture Reform Act (CAFRA) including, but not limited to, those set forth in 18 U.S.C. § 983 and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, shall be tolled during the time that this case is administratively closed.

3. This case shall be removed from the Court's active docket.

4. *Resolution of the forfeiture shall occur through the related criminal matter,* and/or through the reopening of this civil case if necessary, upon motion by the United States or by stipulation of the parties.

5. During the time that this case is administratively closed, the rights of al parties shall be preserved. If reopening this civil case is necessary, the parties shall have a reasonable time to complete discovery, file dispositive motions, and file all witness lists prior to any pretrial or trial proceedings. No claims or defenses are waived because of the administrative closure of this civil case.

6. This civil case is being administratively closed in lieu of an order staying the case until the conclusion of the related criminal investigation and proceedings, pursuant to 18 U.S.C. § 981(g)(1), or alternatively, 18 U.S.C. § 981(g)(2), on the grounds that continuation of the civil proceeding may negatively affect one or all parties in the manner described in the cited statutes.

(ECF No. 21) (Emphasis added).

Thereafter, on September 26, 2018, after Nazir Ahmed and Mustak Ahmed entered into Rule 11 Agreements in their criminal cases, stipulations to reopen this case, for partial consent,

and final order of forfeiture were entered as to both of them.

That left only Ali Ahmed as a claimant in this action. After he pleaded guilty to three counts, on September 20, 2018, Judge Cohn sentenced Ali Ahmed to nine months imprisonment and ordered him to pay **$724,436.00 in restitution** to the United States Department of Agriculture in the Criminal Case. (*See* ECF No. 161 in 16-CR-20086).

Notably, Ali Ahmed did not file an appeal in his criminal case and the time provided for doing so has passed. Thus, his criminal conviction and the judgment, which includes restitution, is final.

Nevertheless, Ali Ahmed would not consent to an order transferring the in rem Defendants to the Clerk of the Court to be applied his criminal restitution obligation in Criminal Case No. 16-20086. The Government therefore filed the instant motion asking the Court to order that. The motion explains that there is no need to continue to litigate this forfeiture action because, even if Ali Ahmed prevailed in this action, the funds would still not be returned to him because of his outstanding restitution obligation.

After this Court issued an order to show cause why that motion should not be granted, Ali Ahmed filed a nine-paragraph response to the motion. (ECF No. 26). In it, he states, in pertinent part:

> 7.  That Mr. Ahmed objected to the Government's proposed figure of restitution at sentencing on September 20, 2018.
>
> 8.  That Mr. Ahmed preserved all rights to reopen the civil forfeiture case and challenge the amount of restitution.
>
> 9.  That Mr. Ahmed would be prejudiced is $50,536.56 were applied to restitution forthwith when essentially, restitution has not been finally determined as to Mr. Ahmed.

(*Id.*).  He asks this Court to "Stay the application of In Rem to the criminal case until he is released from prison and able to assert all of this rights." (*Id.*).

Ali Ahmed's response does not address the Government's argument that, even if he were to prevail in this forfeiture action, the funds would not be returned to him because of his outstanding restitution obligation.

Moreover, as the Government notes in its reply brief, the time for Ali Ahmed to challenge the restitution awarded by Judge Cohn has passed.  His criminal conviction and judgment are now final.  And he cannot challenge the amount of his criminal restitution award in this civil forfeiture action.

Accordingly the Court shall grant the motion and issue the Government's proposed order.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated:  March 8, 2019